IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID JAMES WEST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-058-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION TO DISMISS**

Plaintiff DAVID JAMES WEST, acting pro se, filed a lawsuit against Alice Cobb, acting in her official capacity as a clerk of court for the Northern District of Texas, Amarillo Division. Plaintiff filed these claims in accordance with the Federal Tort Claims Act ("FTCA"). In accordance with the provisions of the FTCA, the United States of America was substituted as the defendant in place of Alice Cobb.

Plaintiff seeks monetary damages. For the following reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant's Motion to Dismiss should be GRANTED, and plaintiff's complaint should be DISMISSED.

**I.     STANDARD OF REVIEW**

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home*

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

> (1) the complaint alone;
>
> (2) the complaint supplemented by undisputed facts; or
>
> (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*King v. U.S. Dept. of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*. (citations omitted).[1]

---

[1] As outlined herein, the Court recommends dismissal of this lawsuit based on quasi-judicial immunity of the defendant. The Court recognizes defendant's Motion to Dismiss incorporates additional grounds for dismissal under Rule 12(b)(6) for failure to state a claim, but the Court declines to address these additional grounds. *See* ECF No. 21. If the assigned United States District Judge declines to adopt the Findings, Conclusions and Recommendation, and determines that immunity does not apply, the district judge may re-refer the case to the undersigned magistrate judge to consider defendant's additional Rule 12(b)(6) grounds for dismissal. Alternatively, the district judge may rule directly on the remaining Rule 12(b)(6) grounds for dismissal.

2

Although defendant moved to dismiss under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, this Court must analyze the Motion to Dismiss under the Rule 12(b)(6) standard "because arguments for immunity are attacks on the existence of a federal cause of action." *Morrison v. Walker*, 704 F. App'x 369, 372 n.5 (5th Cir. 2017) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988)). The Fifth Circuit has held that "when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case." *Daniel*, 839 F.2d at 1127; *see also Ballard v. Wall*, 413 F.3d 510, 514–15 (5th Cir. 2005) (deciding motion to dismiss raising judicial immunity under Rule 12(b)(6)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Ruiz v. Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 555–56, "Factual allegations must be enough to raise a right to relief above the speculative level . . .").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## II.   FACTUAL BACKGROUND

On June 26, 2013, plaintiff was sentenced in a criminal case in this district court. *See United States v. West*, Case No. 2:12-CR-49-J. United States Senior District Judge Mary Lou Robinson entered judgment. On September 7, 2018, West submitted paperwork to "Attn: U.S. Courts" at the same federal courthouse where he was sentenced, which contained a handwritten letter with "Notice Parties," a handwritten letter stating he was "bringing a claim" for $1,000,000 against these parties, and a Standard Form 95, FTCA form. *See West v. Robinson*, Case No. 2:18-CV-167-D (N.D. Tex.) at ECF 3. The defendant in this matter, Ms. Cobb, acting in her capacity as a clerk of court, filed these documents as a new civil lawsuit and sent plaintiff the general forms indicating a fee was required. Plaintiff seeks damages in the amount of $2,000,000 for the "opening of a case without his knowledge or consent" and the imposition of a "bill" for the filing fee.

## III.   ANALYSIS

Within defendant's argument for dismissal for lack of subject matter jurisdiction under the FTCA, the defense of absolute immunity is raised. *See* ECF No. 21, p. 6. Thus, the Court must convert defendant's Rule 12(b)(1) motion into a request for dismissal pursuant to Rule 12(b)(6). *See Morrison*, 704 F. App'x at 372. Although defendant first articulates exhaustion issues with plaintiff's claim under the FTCA, because absolute immunity is raised, the Court will determine if a federal cause of action exists in this matter. *Id*.

The Supreme Court "has long recognized" that immunity doctrines protect certain potential defendants from liability in tort suits. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Judges, for example, are absolutely immune from monetary liability "for all judicial acts that are not performed in the clear absence of jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989). Further, judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Ballard*, 413 F.3d at 515 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences...' " *Ballard*, 413 F.3d at 515 (citations omitted). This immunity "prevent[s] harassment and intimidation that could otherwise result if disgruntled litigants – particularly criminal defendants and inmates – could vent their anger by suing … the person or persons who rendered an adverse decision." *Johnson*, 870 F.2d at 996–97.

In order to achieve this end result, "other necessary participants in the judicial process are entitled to absolute quasi-judicial immunity." *Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989, 1993 WL 360732, at *3 (5th Cir. 1993). This absolute immunity protects judicial employees who perform *functions* "comparable to those of judges." *Da Vinci Inv. Ltd. P'ship v. Parker*, 622 Fed. App'x 367, 373 (5th Cir. 2015) (citations omitted). Courts must look to "the nature of the function performed, not the identity or title of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

To determine whether nonjudicial actors perform quasi-judicial functions, and thus are entitled to absolute immunity, the Court considers:

5

>(1) the need to assure that the individual can perform his functions without harassment or intimidation;

>(2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct;

>(3) insulation from political influence;

>(4) the importance of precedent;

>(5) the adversary nature of the process; and

>(6) the correctability of error on appeal.

*Da Vinci Inv. Ltd. P'ship*, 622 Fed. App'x at 373. In general, a court should apply immunity factors broadly in favor of immunity. *See Ballard*, 413 F.3d at 515.

The Fifth Circuit has determined that clerks of court, like the defendant in the present suit, "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at the judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (finding circuit court clerk entitled to absolute quasi-judicial immunity for entering bail order in related case) (citations omitted). As indicated by defendant's Motion to Dismiss, a court clerk is instructed to assess a filing fee as part of the judicial process at the direction of the courts in this district. *See* N.D. Tex. Local Civ. R. 3.2 (requiring a filing fee or an application to proceed without prepayment of fees when a new case is filed). Even assuming plaintiff did not intend to file a lawsuit by his FTCA paperwork sent to the courthouse, the clerk is protected by absolute judicial immunity in filing a claim.[2]

Applying the quasi-judicial immunity factors, as well as existing precedent, to the current case, the Court finds the defendant is entitled to absolute quasi-judicial immunity. The filing of a civil action and the imposition of a filing fee by a clerk of court are functions necessary to the court

---

[2] The Court also notes that plaintiff moved to voluntarily dismiss this suit prior to the assessment of any fee by the Court. *See West v. Robinson*, Case No. 2:18-CV-167-D (N.D. Tex.). No fee was ever paid in that case.

and must be performed without the threat of harassment or intimidation. Further, plaintiff had the opportunity to voluntarily dismiss any lawsuit prior to the imposition of a fee. Precedent clearly establishes that clerks of court are protected under quasi-judicial immunity when performing routine job functions, even if or when they may err. Thus, taking all allegations in plaintiff's complaint in the light most favorable to him, the Court finds that plaintiff's lawsuit is barred by quasi-judicial immunity and should be dismissed with prejudice under Rule 12(b)(6).

### IV. SANCTIONS

In addition to recommending dismissal, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that sanctions be imposed on the plaintiff. The filing of this lawsuit appears to be an attempt by plaintiff to punish the court because he is dissatisfied with the long-term consequences of his criminal prosecution in this district. This lawsuit, plaintiff's prior lawsuit against United States Senior District Judge Mary Lou Robinson, and the monetary demand letters sent directly to court staff, constitute harassment of court personnel and waste judicial resources. Further, such sanctions would "prevent[s] harassment and intimidation" by a "disgruntled … criminal defendant … vent[ing his] anger by suing … the person or persons who rendered an adverse decision." *Johnson*, 870 F.2d at 996–97.

The Court RECOMMENDS the following sanction be imposed on plaintiff by the United States District Judge:

> The Court is not imposing a monetary sanction at this time. However, with the exception of a Notice of Appeal that can be filed in this case, plaintiff must first seek the permission of a federal judicial officer before proceeding in any other civil lawsuit in any federal court. This includes any filings in the present case, with the exception of a Notice of Appeal of a final judgment. If plaintiff fails to obtain permission from a judicial officer of this district before filing a new civil lawsuit or any additional filings (other than a Notice of Appeal) in the present lawsuit, these future submissions will be discarded without filing.
>
> The Clerk is instructed to discard without filing any new submission in this cause, unless it is a Notice of Appeal of a final judgment.

**Plaintiff is WARNED that any further submission of malicious and/or frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions**.

The sanction language above is the recommendation of the United States Magistrate Judge to the United States District Judge. Plaintiff may still object to these recommendations by filing a document entitled "Objections to the Findings, Conclusions and Recommendation" within the allowed time frame.

## V.   RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the "Motion to Dismiss" filed by the defendant be GRANTED. It is further RECOMMENDED that the complaint filed by DAVID JAMES WEST be DISMISSED WITH PREJUDICE as barred by absolute immunity. It is also the RECOMMENDATION of the Magistrate Judge that the above sanctions be imposed on plaintiff.

## VI.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on October 29, 2019.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

M:\DATA\LAR\CIVILRIGHTS\FCR\19-0058.WEST